THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA M. STEPHENS,<br><br>      Plaintiff,<br><br> v.<br><br>UW MEDICINE HOSPITALS AND<br>CLINICS, *et al.*,<br><br>      Defendants. | CASE NO. C24-1707-JCC<br><br>ORDER |

   This matter comes before the Court on Defendants' motion to dismiss Plaintiff's complaint (Dkt. No. 9). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion and DISMISSES Plaintiff's claims with prejudice for the reasons explained herein.

## I.  BACKGROUND

   This case arises out of Plaintiff's termination from employment. (*See generally* Dkt. No. 1.) According to the complaint, Plaintiff was employed by Defendant University of Washington Medicine Hospitals and Clinics (hereinafter "UWMC") as a registered nurse. (Dkt. No. 1 at 3–4.) On September 10, 2021, UWMC notified its employees—including Plaintiff—that they were required to become vaccinated against COVID-19 per Governor Jay Inslee's statewide

Proclamation 21-14.1,[1] unless they received a proper exemption. (Dkt. No. 1-2 at 13.) Plaintiff's request for a religious exemption was denied. (*See* Dkt. No. 1 at 5.) Plaintiff did not appeal the denial nor otherwise receive the vaccine. (*See generally id*.) She was terminated on October 18, 2021. (*Id*. at 5.) Plaintiff filed her complaint against UWMC and its individual officers on October 17, 2024, for wrongful termination and religious discrimination. (*See generally id*.) Defendants now move to dismiss on various grounds.

## II.    DISCUSSION

### A.  Plaintiff Failed to Properly Serve Defendants Lisa Brandenburg, Kathy Schell, and Mindy Kornberg

Defendants move to dismiss the claims against Lisa Brandenburg, Kathy Schell, and Mindy Kornberg (hereinafter "Individual Defendants") for inadequate service under Fed. R. Civ. P. 12(b)(5). (Dkt. No. 9 at 4–5.)

A plaintiff must effect service either in accordance with state law or through one of the following procedures: (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode; or (3) providing a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(1)–(2). Under Washington law, a defendant must be served either personally or by leaving a copy of the summons at the defendant's usual abode with "some person of suitable age and discretion then resident therein." RCW 4.28.080(16). But under both state and federal law, service is insufficient when a copy is left only at a place of employment. *See Brooks-Joseph v. City of Seattle*, 2023 WL 5822276, slip op. at 2 (W.D. Wash. 2023).

Here, Plaintiff failed to follow any proper procedure for serving the Individual Defendants. Defendants assert that the process server improperly left a copy of the summons and complaint for the Individual Defendants with their employer (*i.e.*, Defendant UWMC). (Dkt. No.

---

[1] Proclamation 21-14.1 required health care providers to be fully vaccinated against COVID-19 after October 18, 2021, and prohibited any operator of a health care facility from employing a provider who had not demonstrated their vaccination. *See generally* Wash. Proclamation No. 21-14.1(1)(e)–(f) (Aug. 20, 2021).

9 at 4–5; *see also* Dkt. Nos. 10–11) (describing how counsel for UWMC attempted to inform the process server that they were not authorized to accept service for the Individual Defendants). And as noted, service is insufficient when the summons is only left at an individual's place of employment. *Brooks-Joseph*, 2023 WL 5822275, slip op. at 2. Plaintiff even admits that the process server "may have served [I]ndividual Defendant's [sic] improperly" but otherwise does not contest Defendants' assertion. (*See* Dkt. No. 9 at 4–5.) Plaintiff thus ostensibly concedes that she did not properly serve the Individual Defendants.

Relatedly, even if Plaintiff *had* properly served the Individual Defendants, Plaintiff has nevertheless failed to provide proof of service within the requisite time period for *any* of the named Defendants.[2] Plaintiff filed her original complaint on October 17, 2024. (*See generally* Dkt. No. 1.) As such, she was required to serve all named Defendants by January 15, 2025. *See* Fed. R. Civ. P. 4(m) (providing a 90-day time limit for service absent a showing of good cause). Yet Plaintiff has not provided the Court with any affidavits of service to date. *See* Fed. R. Civ. P. 4(l). Normally, the Court would either dismiss the Individual Defendants without prejudice or order Plaintiff to show good cause for the failure to provide proof of service and offer a possible extension. *See* Fed. R. Civ. P. 4(m). However, because Plaintiff's claims against all named Defendants also fail as a matter of law (as explained below), the Court declines to do so here.

## B. Plaintiff's Claims Fail as a Matter of Law

### 1. Legal Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v.*

---

[2] Of course, Defendant UWMC effectively concedes that they received proper service. (*See generally* Dkt. Nos. 10–11.) Nevertheless, this is insufficient to satisfy the overall requirement that "proof must be by the server's affidavit," which Plaintiff has failed to provide. Fed. R. Civ. P. 4(l)(1).

1  *L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Failure to file a cause of action within the

2  statute of limitations may also be challenged in a 12(b)(6) motion to dismiss. *Conerly v.*

3  *Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980).

4                  2.  <u>Constitutional Claims</u>

5         Plaintiff makes several constitutional claims, including violation of privacy under the

6  Fourth Amendment and Washington Constitution Article 1, Section 7,[3] (Dkt. No. 1 at 29–30),

7  violation of bodily integrity and due process rights under the Fourteenth Amendment, (*id.* at 30),

8  and violation of free exercise of religion under the First Amendment (*id.* at 32). However,

9  without even reaching their merits, the Court observes that these claims are time-barred.

10         Even if not expressly stated, an individual's constitutional claims must be litigated under

11  42 U.S.C. § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992);

12  *see also Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 917 (9th Cir. 2003) (construing

13  constitutional claims "under the umbrella of § 1983" even where not expressly pled as such). The

14  Court thus construes Plaintiff's constitutional allegations through the lens of § 1983. In

15  Washington, a plaintiff has three years to file a § 1983 action from the time they knew, or should

16  have known, the factual basis for the claim. RCW 4.16.080(2); *Gausvik v. Perez*, 392 F.3d 1006,

17  1009 (9th Cir. 2004); *see also Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991)

18  (applying RCW 4.16.080(2) statute of limitations to a § 1983 action in Washington). To

19  determine when the three-year clock began to run, a court must look to "the time of the

20  *discriminatory acts*, not . . . the time at which the *consequences* of the acts became most

21

22

23    [3] Notably, Washington state courts "refuse to recognize a cause of action in tort for violations of

the state constitution." *Dang v. Johnson*, 2023 WL 4106060, slip op. at 11 (W.D. Wash. 2023)

(citing *Janaszak v. State*, 297 P.3d 723, 734 (Wash. App. Div. 1 2013)); *see also Pilz v. Inslee*,

24  2023 WL 8866565, slip op. at 2 (9th Cir. 2023). Thus, Plaintiff's claim for damages under the

Washington State Constitution fails as a matter of law before even reaching the time bar issue.

25  And even if there were a cause of action, it would still be subject to the statute of limitations

under RCW 4.16.080(2). As such, the Court proceeds with the time bar analysis for all

26  constitutional claims, with the caveat that Plaintiff does not have a tort cause of action for

violation of the Washington State Constitution to begin with.

1    painful." *Del. State Coll. v. Ricks*, 449 U.S. 250, 257 (1980) (emphasis in original) (quoting

2    *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979)).

3          Plaintiff received notice of termination on September 10, 2021. A plaintiff's § 1983 cause

4    of action for wrongful termination accrues when she learns that her employer has decided to

5    terminate her, even if the actual termination occurs later. *See Chardon v. Fernandez*, 454 U.S. 6,

6    8 (1981). The factual basis for Plaintiff's claim thus dates back to when she received notice of

7    her termination on September 10, 2021, not to when her termination took effect on October 18,

8    2021. *See Ricks*, 449 U.S. at 258. As such, the statute of limitations expired on September 10,

9    2024, and Plaintiff's purported § 1983 claims are untimely.

10                     3.    <u>Failure to Provide Informed Consent Claim</u>

11          Plaintiff asserts that Defendants violated her right to informed consent under the

12    Emergency Use Authorization ("EUA") provision of the Public Readiness and Emergency

13    Preparedness ("PREP") Act, 21 U.S.C. § 360bbb-3, and various Washington statutes. (Dkt. No. 1

14    at 30–31.) But these statutes do not supply valid legal bases for her informed consent claim. For

15    one, "there is no private right of action" under the PREP Act. *Curtis v. PeaceHealth*, 2024 WL

16    248719, slip op. at 7 (W.D. Wash. 2024) (citations omitted). Moreover, the PREP Act is a part of

17    the larger Food, Drug and Cosmetics Act ("FDCA"), 21 U.S.C. § 301, *et seq*., and there is no

18    private right of enforcement under the FDCA—implied or otherwise. *Curtis*, 2024 WL 248719,

19    slip op. at 9. Thus, Plaintiff cannot assert her informed consent claim under these statutes.

20          Similarly, Plaintiff's reliance on RCWs 7.70.030, 7.70.040, and 7.70.050 is misguided.

21    (Dkt. No. 1 at 30–31.) Those statutes broadly address a healthcare provider's standard of care

22    when servicing a patient.[4] But Plaintiff was an employee of UWMC, not a patient, and those

23

24    ─────────────────
   [4] For instance, RCW 7.70.030 lays out the general elements and burden of proof for a statutory

25    medical malpractice suit. *See generally* RCW 7.70.030. RCW 7.70.040 then addresses medical
   malpractice suits specifically arising out of care that was given in the midst of the COVID-19

26    pandemic. *See generally* RCW 7.70.040. Likewise, RCW 7.70.050, which governs claims arising
   out of a provider's failure to secure informed consent, requires the plaintiff to be a patient of a
   healthcare provider. *See* RCW 7.70.050(1).

statutes do not otherwise authorize claims arising out of one's employment with a healthcare

provider. Plaintiff also cites to RCW 18.79.040 and RCW 18.79.260. (*See* Dkt. No. 1-2 at 5, 8–

9.) These statutes define the roles and supervisory tasks of a registered nurse with respect to

patients and trainees,[5] but again, Plaintiff's claims do not arise out of her relationship with either

category of individuals. In other words, these statutes are irrelevant to the case before the Court.

Thus, Plaintiff has not stated a valid claim of failure to provide informed consent.

### 4.  Vested Right to Continued Employment Claim

Plaintiff alleges "[t]he Defendant violated Plaintiff's Constitutional right to Continued

Employment." (Dkt. No. 1 at 31.) In support, Plaintiff cites to "1, Sutherland Statutory

Construction . . . and common law pursuant to RCW 4.04.010; RCW 9A04.060; CFR 1.1." (*Id.*)

But none of these establish a right to continued employment under common law, by statute, or

otherwise.[6] In turn, at-will employment is the default under Washington employment law. *Roe v.*

*TeleTech Customer Care Mgmt. (Colorado) LLC*, 257 P.3d 586, 594 (Wash. 2011) ("Common

law at-will employment has been the default employment rule in Washington since at least

1928."). And under that default, "employees are terminable at-will," unless public policy dictates

otherwise. *Rose v. Anderson Hay & Grain Co.*, 358 P.3d 1139, 1141 (Wash. 2015).

Nothing in the pleading suggests Plaintiff is anything but an at-will employee. (*See*

*generally* Dkt. No. 1.) In fact, rather than refute this contention, Plaintiff merely asserts that the

at-will doctrine does not justify firing an employee, such as herself, for engaging in "protected

activity." (Dkt. No. 12 at 5–6.) True enough, at-will employment does not justify terminating an

employee for engaging in "protected activity." *See Rose*, 358 P.3d at 1141. But Plaintiff was not

---

[5] RCW 18.79.040 defines the practice of a registered nurse ("RN") to include assessment, diagnosis, treatment, and execution of medical regimes prescribed by licensed health care providers. *See generally* RCW 18.79.040. RCW 18.79.26 defines the standard of nursing care and the tasks RNs may delegate to trained individuals. *See generally* RCW 18.79.260.

[6] Indeed, the Sutherland Statute is an explanatory tool, not binding law. RCWs 4.04.010 and 9A.04.060 merely establish that common law applies in Washington courts unless it conflicts with federal or state laws, including with respect to criminal laws. And it is unclear to the Court what Plaintiff means by "CFR 1.1."

terminated for engaging in protected activity; rather, she was terminated for failing to comply

with her employer's directive.[7] (*See generally* Dkt. No. 1.) In turn, Plaintiff ostensibly concedes

that she is an at-will employee. (*See id.*) Accordingly, Plaintiff cannot demonstrate that she has a

right to continued employment.

### 5.  Title VII Claims

Plaintiff also asserts religious discrimination and retaliation claims under Title VII of the

Civil Rights Act of 1964. (Dkt. No. 1 at 32.) However, before seeking relief from this Court,

Plaintiff must first exhaust her administrative remedies. This requires her to file a charge of

discrimination either with the Equal Employment Opportunity Commission (EEOC) within 180

days *or* with a state or local agency within 300 days after the unlawful employment practice

occurred. 21 U.S.C. § 2000e-5(e)(1); *see also B.K.B v. Maui Police Dept.*, 276 F.3d 1091, 1099

(9th Cir. 2002) ("Under Title VII, a plaintiff must exhaust her administrative remedies by filing a

timely charge with the EEOC, or the appropriate state agency"). Though Plaintiff concedes that

she was required to exhaust her administrative remedies, (*see* Dkt. No. 12 at 3), her justification

for ultimately failing to do so is inadequate.

Plaintiff initially asserts that she attempted to file with the EEOC but that the website

stated no complaints were being received. (Dkt. No. 1 at 3.) Plaintiff later asserts that the EEOC

was unresponsive "largely due to being overwhelmed with claims during the COVID era when

many employees, like Plaintiff, were terminated from hospitals and state agencies over

workplace Covid mandates." (Dkt. No. 12 at 3–4.) Even if true, Plaintiff could and should have

sought alternative administrative relief through the Washington State Human Rights Commission

("WSHRC") within the generous 300-day window to do so. *See* 21 U.S.C. § 2000e-5(e)(1). And

nowhere does Plaintiff allege to have sought this relief from the WSHRC. (*See generally* Dkt.

No. 1). As such, Plaintiff has failed to fulfill the administrative requirement and thus fails to state

---

[7] And failing to comply is not considered to be protected activity. *See* 42 U.S.C. § 2000e–3; *see also Koch v. Cal. Water Serv. Co.*, 2024 WL 4753850, slip op. at 11 (E.D. Cal. 2024) ("Plaintiff was not terminated for objecting to Defendant's COVID-19 policy . . . he was terminated for refusing to comply with it.").

a viable claim under Title VII.

Moreover, it is too late for Plaintiff to cure this exhaustion defect. Indeed, the law does not entitle Plaintiff to tolling of her Title VII claim where she has merely failed to diligently exhaust her administrative remedies; to find otherwise would defeat the purpose of an administrative requirement. In turn, Plaintiff is well beyond the prescribed 300 days to file with the WSHRC (let alone the 180 days required for filing with the EEOC). *See* 21 U.S.C. § 2000e-5(e)(1). Plaintiff's claim under Title VII is therefore uncurable by amendment.

### 6. OSHA Claim

Finally, Plaintiff broadly alleges that Defendants required her to perform a dangerous task in violation of the federal Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 651, *et seq*. (Dkt. No. 1 at 33–34.) Yet again, Plaintiff's cited provision does not authorize the private cause of action she seeks to bring. Instead, "Congress has vested the exclusive prosecutorial responsibility [for enforcing OSHA] in the Secretary of Labor." *Perez v. U.S. Postal Service*, 76 F. Supp. 3d 1168, 1196 (W.D. Wash. 2015) (quoting *Marshall v. Occupational Safety & Health Review Comm'n*, 635 F.2d 544, 550 (6th Cir. 1980)). Plaintiff does not have a private right of action under OSHA, and thus her OSHA claim fails.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 9) is GRANTED. Moreover, because the failures described above cannot be cured through amendment, the Court will not provide Plaintiff leave to amend. *See, e.g.*, *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (leave to amend need not be granted if it would be futile). Accordingly, Plaintiff's claims are DISMISSED with prejudice.

//

//

//

//

ORDER
C24-1707-JCC
PAGE - 8

1    DATED this 19th day of March 2025.

2

3

4

5    John C. Coughenour
     UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C24-1707-JCC
PAGE - 9